**Donald CANTRELL and Dorla Cantrell, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Department of the Army Corp of Engineers, Defendants.**

**Civ. A. No. 94–243.**

United States District Court, E.D. Kentucky, Pikeville Division.

March 21, 1995.

Michael P. DeBourbon, Pruitt & DeBourbon, Pikeville, KY, for plaintiffs.

Dell M. Littrell, U.S. Atty's Office, Lexington, KY, for defendants.

HOOD, District Judge.

This case presents the question whether the Flood Control Act's immunity provision in 33 U.S.C. § 702c, which provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place," bars recovery where the Federal Government is arguably liable under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, for personal injuries caused by the putative negligence of an employee of the Corps of Engineers (COE) in the operation of a rescue boat. Citing *United States v. James,* 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986), the Federal Government has moved for summary judgment or, in the alternative, for dismissal. Fully briefed and ably argued, the matter is ripe for decision.

On October 25, 1992, Fishtrap Lake, a COE flood control project, was in the midst of its annual winter drawdown. During this procedure, the level of the lake is lowered from summer pool (757.0 feet above mean sea level) to winter pool (725.0 feet above mean sea level) to increase the storage capacity of the lake in anticipation of winter storm runoff. The drawdown does not occur all at once; rather, the level is lowered approximately 4.5 inches per day.

Donald Cantrell (Cantrell) was boating on Fishtrap Lake on that same day. When he did not return to the marina prior to nightfall, two COE employees mounted a search and rescue operation. After locating Cantrell, who was stranded when his boat became disabled, the COE employees began to ferry Cantrell to the marina in a COE boat. During the course of their return trip, the COE boat struck a submerged object and capsized in the lake, pinning Cantrell underwater in the cabin, and thereby causing his alleged disabling injuries. He and his wife thereafter sued under the FTCA.

The Federal Government argues in its motion that "but for" the drawdown, the object struck by the COE boat would not have been exposed, a contention not squarely controverted by the plaintiffs. Hence, the Federal Government contends that § 702c precludes recovery under the teachings of *James.* I must agree.

Unlike the situation in *Boyd v. United States,* 881 F.2d 895, 900 (10th Cir.1989), the plaintiffs' injuries were not wholly unrelated to the operation of Fishtrap Lake as a flood control project of the COE. The object which the COE boat struck, whether it was a rock on the lakebed or the shoreline, would not have been exposed "but for" the release of water from Fishtrap Lake as a part of its annual winter drawdown. *James,* 478 U.S. at 605 n. 7, 106 S.Ct. at 3121 n. 7.

Accordingly,

IT IS ORDERED that the Federal Government's motion for summary judgment or, in the alternative, for dismissal be, and the same hereby is, GRANTED. A separate judgment in conformity herewith shall this date be entered.

### JUDGMENT

In conformity with the Memorandum Opinion and Order of even date,

IT IS HEREBY ORDERED AND ADJUDGED herein as follows:

(1) That the Federal Government's motion for summary judgment or, in the alternative, for dismissal be, and the same hereby is, GRANTED.

(2) That the above-styled cause be, and the same hereby is, DISMISSED and STRICKEN FROM THE DOCKET.

(3) That this is a final and appealable judgment.